IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATIONAL RIFLE ASSOCIATION
OF AMERICA, a New York corporation,

        Plaintiff,

vs.                                                                     No. Civ. 08-649 MV/RHS

JEFFREY P. FLEMING, as
Successor Co-Trustee of the
Fisk Revocable Trust,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss (Doc. No. 18, filed December 15, 2008). For the reasons stated below, the Court will **DENY** the Motion.

**Background**

Plaintiff, a beneficiary of the subject Trust, filed a Petition for Trust Accounting, Preliminary Injunction and Temporary Restraining Order, Removal of Trustee and Termination of Trust (Doc. No. 1, filed July 11, 2008). Plaintiff then filed a Motion for Preliminary Injunction, and Appointment of Interim Trustee and Request for Expedited Evidentiary Hearing (Doc. No. 9, filed October 10, 2008). In his Response to the motion for a preliminary injunction, Defendant presented a one-paragraph argument asserting that the Court lacks subject matter jurisdiction and stated the "issue of subject matter jurisdiction will be more fully briefed in a separate motion to dismiss for lack of subject matter jurisdiction." (Doc. No. 12 at 2, filed October 30, 2008) The Court ordered Defendant to file his motion to dismiss by December 15, 2008. (Doc. No. 17, filed December 2, 2008). Defendant's Motion to Dismiss is now before the Court.

**Defendant's Motion to Dismiss**

Defendant argues that the Court lacks subject matter jurisdiction because the New Mexico Uniform Trust Code ("UTC") grants exclusive jurisdiction over matters relating to trusts to New Mexico state district courts. (Motion at 2). The relevant provision of the UTC provides: "The district court has exclusive jurisdiction of all proceedings involving a trust." N.M. STAT. ANN. § 46A-2-203.

Section 46A-2-203 of the UTC, by itself, does not deprive the Court of subject matter jurisdiction. *See Holt v. King*, 250 F.3d 671, 675 (10th Cir. 1957) ("As the jurisdiction of the courts of the United States is derived from the federal constitution and statutes, that jurisdiction is not subject to restraint or limitation by state legislation establishing courts of probate and giving them exclusive jurisdiction over the estates of decedents.").

Defendant contends that this UTC provision "is comparable to so-called 'probate exceptions' present in state court laws throughout the country" which "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." (Motion at 2-3). The probate exception:

> reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall*, 547 U.S. 293, 311-312 (2006). The probate exception arises from the fact that "the equity jurisdiction conferred by the Judiciary Act of 1789, 1 Stat. 73, and s 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters." *Markham v. Allen*, 326 U.S. 490, 494 (1946); *Rice v. Rice Foundation*, 610 F.2d 471, 475 (7th Cir. 1979) (probate matters were within jurisdiction of the English ecclesiastical courts and outside the

reach of the High Court of Chancery).

Plaintiff has not cited any federal appellate court decisions that expressly state that the probate exception applies to cases involving trusts. Some courts have held that the probate exception does not apply to actions involving trusts. Peter Nicholas, *Fighting the Probate Mafia: A Dissection of the Probate Exception to Federal Court Jurisdiction*, 74 S. Cal. L. Rev.1479, 1493 (2001) (*citing Barnes v. Brandup*, 506 F.Supp. 396, 397-398 (S.D.N.Y. 1981) and *Knoop v. Anderson*, 71 F.Supp. 832, 837-838 (N.D. Iowa 1947)); *Sianis v. Jensen*, 294 F.3d 994, 999 (8th Cir. 2002) (*citing* Nicholas). Although courts often give no explanation for this distinction, "a few courts have relied on the fact that trusts, unlike wills, did not fall within the exclusive jurisdiction of the ecclesiastical courts in eighteenth-century England, but instead were within the jurisdiction of the High Court of Chancery, and thus fall within the statutory grant of equity jurisdiction to U.S. federal courts." Peter Nicholas, 74 S. Cal. L. Rev.1479, 1493 (2001).

This case, in which Plaintiff seeks an accounting of the Trust and removal of the Trustee, is an *in rem* or *quasi in rem* case. *See Cassity v. Pitts*, 995 F.2d 1009, 1012 (10th Cir. 1993) ("a suit that concerns or determines the ownership, control and administration of a trust and the powers, duties and liabilities of the trustees is either *in rem* or *quasi in rem*). In an earlier case where one trustee sought an accounting by, and removal of, trustees, the United States Supreme Court held that "once a <u>federal</u> or state court has assumed *in rem* or *quasi in rem* jurisdiction to administer trust property or resolve trust disputes another court must not assume or must yield jurisdiction." George Gleason Bogert, THE LAW OF TRUSTS AND TRUSTEES § 870 (Rev. 2d ed. 1995) (<u>emphasis added</u>) ("doctrine of prior exclusive jurisdiction"). In that case the Supreme Court stated:

> [T]he principle applicable to both *federal* and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually

3

>seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, *administer trusts*, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property.

*Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (*emphasis added*).  One Circuit has held that federal district courts have jurisdiction over cases where a party seeks an accounting of a trust.  *See Reichman v. Pittsburgh National Bank*, 465 F.2d 16, 16 (3rd Cir. 1972) (holding that the federal district court in Pennsylvania had jurisdiction over a case in which the plaintiff sought to surcharge a trustee for gross mismanagement and an accounting by the trustee where the federal action was filed before defendant filed its accounting in state court).  In another case where the requested relief would require the trial court to construe a trust and define the duties, obligations and responsibilities of the trustees, the Tenth Circuit determined that the federal district court did not have jurisdiction by resorting to the doctrine of prior exclusive jurisdiction, rather than invoking a "probate exception."  *See Cassity v. Pitts*, 995 F.2d 1009, 1012 (10th Cir. 1993) (this action is in the nature of *in rem* or *quasi in rem* and the federal district court was without jurisdiction because the state court had asserted prior jurisdiction);  *see also Norton v. Bridges*, 712 F.2d 1156, 1166 (7th Cir. 1983) ("The exercise of the power to appoint a successor trustee of the Page trust will constitute the first assumption of jurisdiction in this case and will entitle the Wisconsin state court to adjudicate the entire controversy, thereby excluding the federal district court from any role in the controversy.")

The Court concludes that it has subject matter jurisdiction over this case and will deny Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2009.

_____
**MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

Candice Lee
Jack N. Hardwick
Kurt A. Sommer
P.O. Box 1984
Santa Fe, NM 87504

*Attorney for Defendant:*

Jennifer L. Olson
P.O. Box 2721
Farmington, NM 87499